*MUSSON* vs. *OLIVIER.*

Common       APPEAL from the court of probates of New-
property ad-
judicated to  Orleans.
the surviving
husband or
wife, cannot  PORTER, J. delivered the opinion of the
be relieved
from the    court.   The petitioner states that, by virtue of
mortgage the
law lays it   a deliberation of a family meeting of his minor
under, by the
substitution  children, the court has accepted a special
of another
mortgage    mortgage for the sums which the petitioner
on other pro-
perty.      owes to his children as their tutor; and that
he wishes to change the mortgage, and give it
on other property of equal value.

He prays a convocation of a family meeting
for this purpose, and a citation to the under tutor to appear and assist at the deliberations of the meeting.

The judge ordered the relations of the minors to assemble, and deliberate on this proposal; and it being approved of by them, the under tutor filed an opposition, in which he stated, that the change about to be made would deprive the minor children of a special mortgage which they have by law on the property owned in common with their father, and which was adjudicated to him under the second section of a law of 18th March, 1809.

Notwithstanding this opposition, the court of probates homologated the deliberation of the family meeting; and the under tutor appealed.

The case has been submitted without argument, and left to our own enquiries and reflexion: we have been unable to find any thing which will permit us to confirm the judgment of the court below. The act of 1809, which authorises the adjudication of property held in common between husband and wife to the survivor, provides that the property so adjudicated shall remain specially mortgaged and af-

Eastern Dist. fected for the security of the sum  that may be
June, 1828.
due to the minor heirs.   3 *Mart. dig.* 128.

MUSSON
vs.
OLIVIER.

With such an express command of the le-
gislator, we do not see whence is derived the
authority to raise the mortgage.  If it can be
done because other property is offered to be
hypothecated in  place  of it, might it not be
done also on good  personal security which the
family meeting should approve?  The power
once admitted, the only  question  which could
remain would be that of expediency.

An examination of  the  acts of the general
assembly, subsequent to that just quoted, has
convinced us that the legislature never con-
templated the exercise of such  power by the
family meeting and the judge of probates.

In the year 1817, it was enacted  that the
family meeting who authorise the adjudication
to the surviving father, or mother, may deter-
mine what part of the property shall be mort-
gaged.   But it neither speaks of, nor contem-
plates, the case of removing the special mort-
gage when once acquired.  *Acts of* 1817, 122.

Again: In  the year 1824, we find a law
authorising the husband to raise the legal
mortgage in favor of his minor wife,  by giving
a special one.   The law which gave that gen-

eral mortgage, was not more positive than that

which confers on the children a special one on their property purchased by their father or mother: and if positive law were required to do away the effect of the former, we have sought in vain for any reason why it is not equally necessary in the latter.

Still farther, and more conclusively, we see that, by an act passed in the year 1826, it was deemed necessary to provide, that in case one of the children came of age, and could not be paid but by a sale of part of the property adjudicated, so much thereof as was necessary to effectuate this object might be sold; and on this portion the mortgage of the other children should not attach, provided other property was substituted in its place sufficient to secure them. If the mode now attempted of removing mortgages in favor of the minor be correct, the law was unnecessary: for if the claim of all the minors can be transferred from one object to another by the advice of a family meeting, it might without the anthority of this statute have been changed in respect to any one of them.

We think the judgment of the court below erroneous; that the opposition of the under tutor should have been sustained.

Eastern Dist.
*June*, 18_8.

MUSSON
*vs.*
OLIVIER.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed; and it is further ordered, that the opposition to the homologatton of the proceedings be sustained, and that the appellee pay costs in both conrts.